The document below is hereby signed.

Signed: October 20, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HENRY CLAY GREGORY IV, | ) | Case No. 18-00763 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER SUSTAINING IN PART
UNOPPOSED OBJECTION TO INTERNAL REVENUE SERVICE'S PROOF OF CLAIM

The Internal Revenue Service ("IRS") filed a proof of claim in this case asserting estimated tax liabilities for the years 2012, 2013, 2014, 2015, 2016, and 2017 because tax returns had not been filed.  On August 15, 2019, the debtor filed an objection to the IRS's proof of claim on the basis that he had little to no income during those years and minimal, if any, tax liability, and that in July 2019 he filed all outstanding tax returns.  On September 13, 2019, the IRS filed an amended proof of claim which reflects that the debtor filed returns for the years 2014, 2016, and 2017 (permitting the IRS to assess tax liabilities), but it does not reflect the filing of returns for 2012, 2013, and 2015.  The IRS failed to oppose the objection to its claim.  Nevertheless, the court was required to set an

evidentiary hearing on the objection.  The court held such an evidentiary hearing on October 18, 2019, as reflected by the court's *Case Hearing Summary*.  The IRS did not appear at the hearing.  The debtor testified and presented various Forms 1040 he filed with the IRS (Exhibits A through E appended to the *Case Hearing Summary*).  That evidence satisfied me that the following disposition of the objection is appropriate.

I

PRIORITY CLAIM FOR TAX YEAR 2015

The debtor had no income in 2015.  Accordingly, he owed no income taxes for 2015, and was not required to file a return.  The claim regarding the tax year 2015 is disallowed *in toto*.

II

UNSECURED GENERAL CLAIM FOR TAX YEAR 2012

The debtor filed a federal income tax return in July 2019 for the year 2012 showing an income tax liability of $165.00.  The IRS's latest proof of claim claimed $17,936.10 in income tax and $4,015.49 of prepetition interest for the year 2012.  Accordingly, for 2012, the IRS is owed $165.00 of taxes and $36.94[1] of prepetition interest, as an unsecured general claim not entitled to priority.

---

[1] [($165.00/$17,936.10) x $4,015.49] = $36.94.

2

III

UNSECURED GENERAL CLAIM FOR TAX YEAR 2013

For the year 2013, the debtor filed a Federal income tax return (Ex. A) in July 2019 showing that he had an income tax liability for 2013 of $184.00. The IRS's latest proof of claim claimed $18,600.40 of income tax and $3,491.43 of prepetition interest as to 2013. Accordingly, for 2013, the IRS is owed $184.00 of taxes and $34.54[2] of prepetition interest, as an unsecured general claim not entitled to priority.

IV

IRS PROOF OF CLAIM IS VALID
AS TO THE UNSECURED GENERAL CLAIMS FOR TAX YEARS
2014 AND 2016, AND THE PRIORITY CLAIM FOR TAX YEAR 2017

The IRS's latest proof of claim shows:

- no debt owed for the year 2014 (consistent with the debtor's return for 2014 (Ex. B);

- no debt for the tax year 2016, consistent with the debtor's return for 2016 (Ex. E);

- an income tax liability for the year 2017 of $276.00, consistent with the debtor's return for 2017 (Ex. D), and a claim (not challenged by the debtor) for $15.42 of prepetition interest. That claim for 2017 is entitled to priority under 11 U.S.C. § 507(a)(8).

---

[2] [($184.00/$18,600.40) x $3,491.43] = $34.54.

V

PREPETITION PENALTIES ON PRIORITY CLAIMS

The IRS's latest proof of claim asserts, for the first time, an unsecured general claim (not entitled to priority) of $221.04 as "[p]enalty to date of the petition on unsecured priority claims (including interest thereon)." The only priority income tax claim allowed is $276.00 for 2017. The claim of $221.04 for penalty and any interest on the penalty would be a whopping 80% of that $276.00 income tax liability. Presumably part of the penalty claim of $221.04 was attributable to the disallowed priority tax claim of $4,254.63 for the year 2015 for which no return was ever filed. In that circumstance, the debtor's evidence established error in the latest proof of claim's asserting the claim of $221.04 for penalty and any interest on the penalty. That switched the burden to the IRS to prove the amount of penalty (and interest thereon) that is owed with respect to the priority tax claim of $276.00 for the year 2017. The IRS has presented no evidence, or even an indication of what penalties, if any, were asserted as to the priority tax claim of $276.00 for the year 2017 as opposed to the disallowed priority tax claim for 2015. The claim for $221.04 (for penalty and interest thereon) must be disallowed.

VI

CONCLUSION

Based on the foregoing, it is

ORDERED that the IRS's amended proof of claim filed on September 13, 2019, Claim No. 5-2 on the court's claims register, is DISALLOWED EXCEPT THAT THE IRS IS ALLOWED a priority claim for $291.42 and an unsecured general claim of $420.84, as follows:

**Unsecured Priority Claim under 11 U.S.C. § 507(a)(8):**

**Year 2017:**
$276.00 tax due
$15.42 interest to petition date
**Total:    $291.42**

**Unsecured General Claims:**

**Year 2012:**
$165.00 tax due
$36.94 interest to petition date
**Year 2013:**
$184.00 tax due
$34.54 interest to petition date
Total:    $420.84

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders;

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19146-7346

William Barr
United States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney
Civil Process Clerk
555 4th Street NW
Washington, DC 20530

Tax Division
Department of Justice
P.O. Box 227
Washington, DC 20044

M:\Common\TeelGW\Judge Teep Docs\Gregory (Henry Clay IV)  Set Hearing on Objection to IRS Claim_v6.wpd